## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRENT ELISENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CIV-12-749-D** |
| | ) | |
| **UNITED STATE OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C.

§ 2241 seeking a writ of habeas corpus.  United States District Judge Timothy D. DeGiusti

has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent

with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section

2254 Cases, the petition has been promptly examined and for the reasons set forth below, it

is recommended that the petition be summarily dismissed upon filing.[1]

Despite styling his petition as the *Motion of Defendant Brent Elisens 28 U.S.C. §*

*2241*, Petition [Doc. No. 1], Petitioner begins the petition by stating that he "seeks the right

to an appeal under 28 U.S.C. § 2255[.]" *Id.* at 2.  He recites that he is currently serving a 30

---

[1]Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241.  *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts.  *See also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1 (b)).

month sentence following a plea of guilty to making a telephonic threat.[2]  *Id.*  As the only grounds for his § 2241action, Petitioner describes his transfers to various Oklahoma jails and prisons from the time of his February 23, 2011, sentencing until he was transported on February 21, 2012, to his current place of incarceration in Bruceton Mills, West Virginia. *Id.* at 2-3.  He maintains that he has not had access to a law library and has been unable to obtain needed documentation from his court-appointed counsel and, consequently, "was not able to begin or complete . . . the appeals process[."] *Id.* at 4.

Several days after his petition was filed, Petitioner sent a letter to the Court Clerk in which he wrote that "[l]ast week I submitted a 28 U.S.C. § 2241 motion because I was told that's how you can ask the court to hear your 28 U.S.C. § 2255 if you're time barred." [Doc. No. 5].  He explained that he had since gained a different understanding of § 2241 and asked how he could request "the court to hear my 2255[.]" *Id.*  The following day, however, the court received and filed a hand-written copy of his original § 2241 petition [Doc. No. 6].

**Analysis**

It is well-established that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion filed pursuant to 28 U.S.C. § 2255 serve separate and distinct purposes.  A petition under 28 U.S.C. § 2241 attacks the execution of a sentence and must be filed in the district where the prisoner is confined.  *Bradshaw v. Story,* 86 F.3d 164, 166

---

[2]Following his guilty plea, Plaintiff was sentenced by United States District Judge Robin J. Cauthron on February 23, 2011, in Case No. CR-10-343-C.

2

(10th Cir. 1996).  On the other hand, a "§ 2255[3] petition attacks the legality of detention and must be filed in the district that imposed the sentence."  *Id.* (citations omitted).  While Petitioner has written a letter to the court clerk indicating his confusion about the two remedies, his twice-submitted petition is plainly brought as a separate proceeding pursuant to 28 U.S.C. § 2241.  Without regard to whether Petitioner might ultimately choose to proceed by § 2255 motion in his criminal case in this court to attack the legality of his detention, because a § 2241 petition must properly be filed in judicial district where Petitioner is confined – here, the Northern District of West Virginia – dismissal of the petition without prejudice to asserting the claim in the proper forum is recommended.

Petitioner will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation.  *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. 1994) (unpublished op.) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds*, 971 F.2d 500, 502-05 (10th Cir. 1992)).

---

[3]Title 28 U.S.C. § 2255 provides, in part, as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that, to the extent Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, the petition for a writ of habeas corpus be summarily dismissed for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 2, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 13th day of July, 2012.


_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE